### CITY OF MIAMI BEACH v. JOHNS.

Circuit Court, Dade County, Criminal Appeal.

February 24, 1955.

James H. Ruby, Miami Beach, for appellant.

Joseph A. Wanick, assistant city attorney, Miami Beach, for appellee.

## J. FRITZ GORDON, Circuit Judge.

This matter is before me on an appeal from a conviction in the municipal court of Miami Beach. Although several matters were raised on appeal, I find that only one has any merit.

An affidavit for a search warrant was made in which the location of the apartment to be searched was given and the things to be seized were set out as well as the name of the person alleged to be the person who was living in the premises and whose actions aroused the affiant's suspicions in regard to bookmaking.

A search warrant was signed by the municipal judge, *which did not set out the name of the person who was living in the premises,* and whose actions aroused the affiant's suspicions (although it was obviously known).

There is no need to set out the many decisions of our Court that the laws in regard to search and seizure must be strictly complied with.

Section 933.04, Florida Statutes 1953, provides, among other things, that the affidavit for search warrant must particularly describe "the place to be searched and the person and thing to be seized." If the name of the person is not known, no name is required in the search warrant.

In this case the name *was* known—because it was set out in the affidavit for search warrant.

In section 10 of chapter 26030, section 1, Special Acts 1949 (the city charter), it is provided—"All search warrants shall be issued in duplicate. The duplicate shall be delivered to the officer with the original warrant, and *when the officer serves the warrant, he shall deliver a copy to the person named in the warrant,* or in his absence to some person in charge of, or living on the premises." (Italics added.)

The evidence obtained in this case came from the trousers and wallet of the defendant and not from the premises. While there is some evidence that the defendant was not wearing his trousers at the time they were searched, at least part of the evidence was obtained from his wallet (Tr. pp. 11 & 12) while he had them on.

148

In view of these facts it seems that the person was searched and not the premises except to take certain things (the court cannot now determine exactly what) from the pants pocket of the defendant but which he did not have on at the time.

It would seem that in view of the fact that the affidavit for search warrant contained the name of the person (defendant) and the search warrant did not contain such name, that the person could not be searched.

As the evidence was obtained at least in part from the person and we do not know which items, this cause should be reversed and is hereby reversed.